UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES CHRISTOPHER BUTCHER,<br><br>                      Plaintiff(s),<br><br>  v.<br><br>KILOLO KIJAKAZI,<br><br>                      Defendant(s). | Case No.2:23-CV-350 JCM (NJK)<br><br>ORDER |

      Presently before the court is the plaintiff's (James Christopher Butcher) motion for reversal and remand of the Social Security Commissioner's final decision in his case. (ECF No. 16). The defendant, the commissioner of the Social Security Administration (hereinafter, the "Commissioner"), filed a countermotion and response to affirm the decision and deny Butcher's motion. (ECF Nos. 18, 19). Butcher responded in support of his motion. (ECF No. 21).

      Also before the court is the magistrate judge's report and recommendation ("R&R") denying Butcher's motion and granting the Commissioner's countermotion. (ECF No. 22). Butcher filed objections (ECF No. 24), but the Commissioner did not respond. For the reasons set forth below, the court remands the matter back to the magistrate judge.

**I.    Background**

      This is an appeal from the Commissioner's denial of Social Security disability benefits to Butcher. (ECF No. 10). Butcher asks this court to reverse the Commissioner's final decision and remand the matter for further administrative proceedings. (ECF No. 16, at 2). The court summarizes the facts provided in the magistrate judge's R&R as necessary for the resolution of Butcher's objection. (ECF No. 22).

Butcher filed for disability insurance benefits under Title II of the Social Security Act in 2014, alleging a disability onset date of January 13, 2012. (ECF No. 22, at 2). Butcher's claim was denied once and then again on reconsideration. (*Id.* at 2–3). Butcher then requested—and received—a hearing before an administrative law judge ("ALJ"), ALJ Hoover. (*Id.* at 3). ALJ Hoover found that Butcher was not disabled during the relevant period and issued an unfavorable decision. (*Id.*). After the Appeals Council remanded the matter back to ALJ Hoover, she again found that Butcher was not disabled. (*Id.*).

Butcher next commenced suit seeking judicial review of ALJ Hoover's decision, but the matter was remanded after the parties stipulated to a voluntary remand. (*Id.* at 3). After a hearing on the matter for a third time, ALJ Zeidman found that Butcher was not disabled. (*Id.*). ALJ Zeidman issued an unfavorable decision on January 4, 2023. (*Id.*).

ALJ Zeidman determined that Butcher did not have sufficiently severe impairments, or a combination of impairments; that Butcher had the "residual function capacity" to perform "light work" as defined in 20 C.F.R. 404.1567(b) with some limitations; and that although Butcher could no longer perform past relevant work, there are still a significant number of jobs that he *can* perform, based on his age, education, work experience, and residual functional capacity. (*Id.* at 4). Butcher then commenced this action for judicial review of ALJ Zeidman's decision. (*Id.*).

Butcher moved for a reversal of ALJ Zeidman's decision, and a remand of the matter for further administrative proceedings with a different ALJ. (ECF No. 16). The Commissioner filed a countermotion to affirm the decision and deny Butcher's motion. (ECF No. 18). After reviewing the parties' briefs and the administrative record, the magistrate judge issued a report and recommendation. (ECF No. 22). The magistrate judge found the Commissioner's decision to be supported by substantial evidence and free from legal error and therefore recommended that Butcher's motion be denied, and the Commissioner's motion be granted. (*Id.* at 8). Butcher objected. (ECF No. 24).

**II.     Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);

LR IB 3-2.  If a party timely objects to a magistrate judge's report and recommendation, the court must "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).[1]  The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.  "The district judge may also receive further evidence or remand the matter to the magistrate judge with instructions."  LR IB 3-2(b).

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations.  A party making objections must support those objections with points and authorities.  LR IB 3-2(a).  Any responses to objections must be filed and served fourteen (14) days after service of the objection.  (*Id.*).

**III.  Discussion**

This court may "set aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Schneider v. Commissioner of the SSA*, 223 F.3d 968, 973 (9th Cir. 2000).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."  *Id.*  "[W]here the evidence is susceptible to more than one rational interpretation," the ALJ's decision must be affirmed. *Id.* at 1039-40.

Butcher challenged the Commissioner's decision on two grounds.  The first is that the ALJ did not adequately address the alleged flare-ups caused by his medical conditions and how they affect his ability to *maintain* work, rather than merely obtain work.  (ECF No. 16, at 15).  The magistrate judge determined that the ALJ *did* consider Butcher's claims of flare-ups but concluded that they were inconsistent with the medical record and that this conclusion was supported by

---

[1] "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

- 3 -

substantial evidence. (ECF No. 22, at 6; *see also* footnote 5 on page 6).

The ALJ may only reject a claimant's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). (ECF No. 22, at 5; ECF No. 16, at 2). A court should not second-guess an ALJ's determination to discount a claimant's testimony if that determination is supported by substantial evidence. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012). Butcher argues that the magistrate judge failed to explain how the ALJ satisfied his burden of providing specific, clear, and convincing reasons. (ECF No. 16, at 2). The court disagrees.

The R&R highlights the ALJ's specific reason for discounting Butcher's testimony regarding flare-ups—it was inconsistent with the medical record, "which included unremarkable imaging studies and normal or near normal findings;" it was "inconsistent with the testimony of the medical expert;" and "inconsistent with the conservative nature of his treatment." (ECF No. 22, at 6). These are specific, clear, and convincing reasons supported by substantial evidence in the administrative record, and when "evidence reasonably supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Butcher's first objection is overruled.

Butcher next argued that the ALJ did not appropriately weigh the opinions of Dr. Huang, his treating physician, and that the ALJ's reasoning for rejecting Dr. Huan's opinions was inadequate. (ECF No. 16, at 17–18). The magistrate judge found that the ALJ "did not err in discounting the opinions of Dr. Huan" because the ALJ found them inconsistent with the medical record—a finding supported by substantial evidence. (ECF No. 22, at 7). Butcher objects that the magistrate judge did not properly analyze the ALJ's decision. (ECF No. 24, at 4).

A treating physician's opinion is generally given deference over the opinion of an examining physician. *E.g.*, *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). If the treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be given controlling weight" and the ALJ may not reject it unless he provides "clear and convincing reasons that are supported by substantial evidence." *Id.* (cleaned up) (citations omitted).

On the other hand, if a treating physician's opinion is contradicted by the medical record, the ALJ *must* "consider the factors set out in 20 C.F.R. § 404.1527(c)(2)–(6) in determining how much weight to afford the treating physician's medical opinion." *Id.* (citations omitted). These factors include the length and frequency of the treating relationship, the "[n]ature and extent" of the treating relationship, the supportability of the treating physician's opinion by medical evidence, and the consistency of the treating physician's opinion with the record as a whole. 20 C.F.R. § 404.1527(c)(2)-(6). The ALJ may not reject a treating physician's contradicted opinion unless he provides "specific and legitimate reasons that are supported by substantial evidence." *Ghanim*, 763 F.3d at 1161. This burden is met if the ALJ sets out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (quotations omitted).

The magistrate judge determined that the "specific and legitimate reasons" standard applies here because substantial evidence supports the ALJ's finding that the medical record contradicts Dr. Huang's opinion. (ECF No. 22, at 7). Butcher agrees and does not object to this. (ECF No. 24, at 4). However, that is where the R&R's analysis ends. The magistrate judge does not analyze whether the ALJ considered the factors outlined in 20 C.F.R. § 404.1527(c) or whether the ALJ's reasoning *meets* the "specific and legitimate reasons" standard. (*See* ECF No. 22, at 7–8). It is unclear from the R&R whether the ALJ committed reversable error. The court will therefore remand this matter back to the magistrate judge for further analysis, consistent with this order.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

IV.     Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff James Christopher Butcher's objection to the magistrate judge's Report and Recommendation (ECF No. 24) is OVERRULED in part.  This matter is REMANDED to the magistrate judge for a recommendation on whether the ALJ properly considered the 20 C.F.R. § 404.1527(c) factors or met the "specific and legitimate reasons" standard.

DATED May 16, 2024.

_____
UNITED STATES DISTRICT JUDGE